**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 17-cv-24443-GAYLES

BIANCA SERRANO,

    Plaintiff,

v.

TUITION OPTIONS, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Tuition Options, LLC's ("Tuition Options") Motion to Compel Arbitration and Dismiss or Stay Case (the "Motion") [ECF No. 11]. The Court has reviewed the parties' written briefs and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion shall be granted.

## BACKGROUND

Tuition Options is a lender and servicer of private consumer student loans. Tuition Options manages and administers student loans on behalf of post-secondary educational institutions. Plaintiff Bianca Serrano used Tuition Options' services to obtain a student loan. In order to obtain the loan, Plaintiff executed a Retail Installment Contract. [ECF No. 11-3]. The Retail Installment Contract contained an Arbitration Agreement which states in relevant part that:

> Any disputes, claims, or controversies between me and School arising out of or relating to: (i) this Agreement; (ii) any relationship resulting from this Agreement, or any activities in connection with the Agreement (including, without limitation, the Application, the disclosures provided or required to be provided in connection with this Agreement, including, without limitation, the

1

> Truth-in-Lending Disclosure Statement[s], or the underwriting, servicing or collection of the amounts financed under this Agreement); (iii) any services related to this Agreement; (iv) any claim, no matter how described, pleaded or styled, relating, in any manner, to any act or omission regarding in any way the obligations of the parties to this Agreement; or (v) any objection to arbitrability or the existence, scope, validity, construction, or enforceability of this Arbitration Agreement, shall be resolved pursuant to this Section (the "Arbitration Agreement").

*See* Retail Installment Contract, [ECF No. 11-3, p.2].

Plaintiff brought this action against Tuition Options alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") (Count I), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") (Count II), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA") (Count III), and common law invasion of privacy (Count IV). *See* [ECF No. 1]. Plaintiff alleges Defendant placed more than 100 "robo-calls" to her cellphone in an attempt to collect money she purportedly owed under her student loan. Plaintiff alleges that Defendant continued to call her despite her advising Defendant that she had already paid off her loan and did not want to be contacted further.

Defendant argues that all of the claims brought by Plaintiff are covered by the Arbitration Agreement. And, to the extent that the scope or validity of the Arbitration Agreement is in question, Defendants asserts that such questions are committed to the jurisdiction of the arbitrator to be decided in the first instance. Plaintiff does not dispute that a valid Arbitration Agreement exists. Instead, Plaintiff argues that the instant claims do not fall within the scope of the Arbitration Agreement.

## **LEGAL STANDARDS**

"The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, provides the substantive law controlling the validity and enforcement of covered arbitration agreements." *Schoendorf v.*

*Toyota of Orlando*, No. 6:08-cv-767-Orl-19DAB, 2009 WL 1075991, at *3 (M.D. Fla. Apr. 21, 2009). However, "[a]rbitration under the [FAA] is a matter of consent, not coercion . . . ." *Id.* (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989)). "[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id.* (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). In considering a motion to compel arbitration, a court considers whether "(1) a written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived." *Curbelo v. Autonation Ben. Co., Inc.*, 14-CIV-62736, 2015 WL 667655, at *2 (S.D. Fla. Feb. 17, 2015) (citations omitted). When a party moves to compel arbitration, the court must grant the request upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state law contract principles; and (b) the claims before the court fall within the scope of that agreement. *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (citations omitted).

In determining the validity of an agreement to arbitrate, the Supreme Court has noted that, in most circumstances, "a court should decide 'certain gateway matters, such as whether the parties have a valid arbitration agreement at all . . . .'" *Id.* (citing *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)). This "[question of arbitrability], is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" *Id.* (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). However, parties can agree to allow the arbitrator to determine the existence, scope or validity of the arbitration agreement. *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) (holding that "parties may agree to arbitrate gateway questions of arbitrability including the enforceability, scope,

3

applicability, and interpretation of the arbitration agreement.") (citing *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010)); *Terminix Int'l Co. v. Palmer Ranch Ltd. Partnership*, 432 F.3d 1327, 1332 (11th Cir. 2005) (holding that the parties' incorporation of the AAA rules into its arbitration provision was sufficient to overcome the presumption that the Court decides questions of arbitrability).

## **DISCUSSION**

Plaintiff does not dispute that a valid Arbitration Agreement exists between the parties. Plaintiff also does not dispute that Defendant has not waived its right to compel arbitration. Based on this record, the Court finds that Plaintiff entered into a valid and enforceable arbitration agreement.

It appears that Plaintiff's claims fall squarely within the broad scope of the Arbitration Agreement. However, the Court cannot resolve that issue because the Arbitration Agreement specifically delegates threshold arbitrability matters to the arbitrator. *See Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) (recognizing that a valid "delegation provision" may confer jurisdiction to the arbitrator to determine threshold issues of arbitrability); *Terminix Int'l Co. v. Palmer Ranch Ltd. Partnership,* 432 F.3d 1327, 1332 (11th Cir. 2005) (holding that because the arbitration agreement incorporated the jurisdictional provisions provided by the AAA, it was for the arbitrator rather than the court to determine the agreement's validity); *see also Jones v. Pro Source Servs., Inc.*, No. 8-13-cv-1311-T-30EAJ, 2013 WL 37766889 (M. D. Fla. July 17, 2013) (holding that where an arbitration agreement incorporated the AAA's Employment Arbitration Rules, jurisdiction over issues of arbitrability were conferred to the arbitrator instead of the court).

The instant delegation provision provides that "any objection to arbitrability or the

4

existence, scope, validity, construction, or enforceability of this Arbitration Agreement, shall be resolved pursuant to this Section (the "Arbitration Agreement")." The Eleventh Circuit has held that language similar to the instant delegation provision evinces a clear and unmistakable intent by the parties to arbitrate all gateway issues. *See Jones*, 866 F.3d at 1267; *Parnell v. CashCall, Inc.,* 804 F.3d 1142, 1148 (11th Cir. 2015) (finding delegation clause established requisite intent to commit to arbitration "any issue concerning the validity, enforceability, or scope of this loan or the Arbitration agreement"); *Martinez v. Carnival Corp*., 744 F.3d 1240, 1245 (11th Cir. 2014) (finding delegation clause established requisite intent to commit to arbitration "any question regarding [the agreement's] existence, validity, or termination").

Accordingly, the Court finds that the instant Arbitration Agreement contains a valid delegation provision such that the arbitrator must resolve in the first instance all disputed issues as to arbitrability or the existence, scope, validity, construction or enforceability of the Arbitration Agreement.

## CONCLUSION

Based on the foregoing, it is **ORDERED and ADJUDGED** that Defendant's Motion to Compel Arbitration and Dismiss or Stay Case [ECF No. 11] is **GRANTED**.

It is further **ORDERED and ADJUDGED** that this case shall be **STAYED** and closed for administrative purposes. Within fourteen (14) days after the arbitration proceedings are concluded, the parties must file a status report with the Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of June, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE